*Decision will be entered under Rule 50.*

NICHOLAS C. MILLER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5977-65. Filed February 19, 1968.

*Richard L. Shook,* for the petitioner.
*Herbert A. Seidman,* for the respondent.

OPINION

Murdock, *Judge:* The Commissioner held that the $401,878.25 was ordinary taxable income of the petitioner as gain on the transfer of property in settlement of his support and maintenance obligation to Joy. He explained in the deficiency notice that "you realized additional ordinary income in the amount of $401,878.25 by reason of your transfer to a trust of certain income rights, which transfer was made in settlement of your obligation to support your wife, Joy W. Miller."

He concedes in his brief that $8,500 of the expenses of the lease should reduce the income to $393,378.25.

The property of value, that is the lease, which produced the income in this case was never transferred to Joy. Also she and the petitioner were never divorced and remained husband and wife at all times material hereto. No divorce action was ever instituted or contemplated. Joy joined with her husband, the petitioner, in leasing the land in August 1960 and she also joined him in transferring the lease to the trustee on February 28, 1962.

Cases cited by the Commissioner, in support of his determination, which cases involved a complete transfer of a piece of income-producing property by the male party to the female party in a proceeding involving divorce, are not in point here since the decision in this case must be made in accordance with provisions of section 71, I.R.C. 1954:

Section 71(a)(2) is as follows:

> If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

Joy was separated from her husband, the petitioner, during 1962. They had a written separation agreement executed on December 30, 1961. Joy's gross income for 1962 included periodic (monthly) payments received after the above agreement was executed and made under that agreement because of the marital relationship. Those payments beginning September 1, 1962, were attributable to property transferred in trust under the December 30, 1961, agreement because of the marital relationship of Joy and the petitioner. Joy and the petitioner did not make a single return jointly for 1962. Joy reported the entire amount of the 1962 and later payments from the trustee in her income. That was in accordance with section 71(a)(2), I.R.C. 1954.

Section 71(d) provides, "The husband's gross income does not include amounts received which, under subsection (a), are (1) includible in the gross income of the wife, and (2) attributable to transferred property." Thus none of the payments from the trustee to Joy are to be included in the petitioner's income. Those payments for 1962 and all subsequent years during the life of the trust would be taxed to the petitioner as 1962 income under the Commissioner's determination. The determination of the deficiency is erroneous under section 71 (a) (2) and (d) and none of the payments made by the trustee to Joy may be included in the petitioner's 1962 gross income.

The Commissioner, claiming that the provisions of section 71 (a) (2) and (d) are inapplicable, cites cases involving facts unlike those here present and which were decided under provisions of the 1939 Code. Section 71 of the 1954 Code was intended to change the former law in several respects in order to make it uniform in application. This case comes precisely within the present law and must be decided in accordance with that law.

*Decision will be entered under Rule 50.*